JOHN D. WILLIAMS and others, Ex'rs. of DUNCAN MURCHISON *vs.* HUGH A. MONROE, Adm'r., &c., of ISAAC WRIGHT.

Where a note was given in 1864 for money borrowed, one-half of which was to be paid "two years after the termination of this war, without interest, in the then currency," *it was held*, that the legislative scale did not apply, and that half the sum borrowed was payable in United States currency at the time stipulated.

A note given during the late war, for money borrowed expressly for the purpose of paying taxes to a County in one of the rebellious States, was not founded upon an illegal consideration, and the lender was held to be entitled to recover upon it after the close of the war.

[*Chapman* v. *Wacasser*, 64 N. C. Rep. 532, and *McKesson* v. *Jones*, 66 N. C. Rep. 258, cited and approved.]

CIVIL ACTION upon a promissory note, given by the defendant's testator to the plaintiff's testator, and tried at the last term of CUMBERLAND Superior Court, before *Buxton, J.*

The note sued on was in the following words:

DECEMBER 12th, 1864.

Borrowed of Duncan Murchison, Esq., President Little River Manufacturing Company, twelve thousand dollars, one-half of which I promise to pay two years after the termination of this war, without interest, in the then currency. In this sum is included sixteen hundred dollars, which I wish handed to Adolphus to pay my county dues, and if all is not required to pay, as heretofore directed, the balance is to be credited on this note, as was agreed on at the time the loan was offered and accepted.

(Signed)                 J. WRIGHT.

Witness: A. E. McDIARMID.

Upon the trial the execution of the paper writing was admitted, and it was also admitted that, at the date of the note, the testator of the plaintiff lent to the defendant's testator the sum of twelve thousand dollars in Confederate currency, upon

a contract evidenced by the note of which the above is a copy. It was also admitted that the note was the individual property of the plaintiff's testator. The questions in dispute were, whether anything could be recovered upon the note, and if anything, how much? The defendant insisted that nothing could be recovered, for the reason that it was apparent upon the face of the instrument, and so was known to the lender, that a part of the sum borrowed, to wit, $1600, was to be applied to an illegal purpose, namely, to pay taxes to a county in rebellion against the United States, and that this circumstance vitiates the whole instrument, as it was impossible to designate which particular part of the sum borrowed and secured by the note was to be so improperly and unlawfully applied.

2. That if the contract was not void for the reason stated, then being a Confederate contract for the loan of Confederate money, the legislative scale should be applied, and the plaintiffs should recover only according to the scale.

His Honor being against the defendant on both points, the plaintiffs had a verdict and judgment for $6,000, payable in national currency, with interest from the 20th day of August, 1868, which was two years after the proclamation of peace by the President of the United States. From this judgment the defendant appealed.

*B. & T. C. Fuller*, for the plaintiffs.
*W. McL. McKay*, and *McRae*, for the defendants.

DICK, J. The rules of law which govern this case are so well settled by recent decisions of this Court, that they need no further discussion; *McKesson* v. *Jones*, 66 N. C. 258, *Chapman* v. *Wacasser*, 64 N. C. 532, and other cases. The terms of the contract, upon which this action is founded, were made definite by the express agreement of the parties, and the legal presumptions created by statute, as to business transactions during the rebellion, do not arise. The money to be paid was

only half of the amount borrowed, and was not to bear interest until two years after the war, which was the time of payment.

The objection made by the defendant, that part of the money loaned was for the express purpose of paying taxes to a county in a state of rebellion, cannot be maintained.

The ruling of his Honor upon this point was correct and the judgment must be affirmed.

PER CURIAM.                              Judgment affirmed.